## Duboc Paper Company, Appellee, v. E. P. Flint, trading as E. P. Flint & Company, Appellant.

### Gen. No. 22,908.

1. FRAUDS, STATUTE OF, § 16*—*when oral promise is collateral and not original promise.* An oral promise for the payment for merchandise is a collateral and not an original promise where credit is given on the seller's books, and bills for the goods are regularly rendered after delivery to the debtor, and it is immaterial that a duplicate statement of the account sent to the debtor was mailed to the guarantor with words in writing, placed thereon by the seller, that it was guaranteed by the guarantor.

2. FRAUDS, STATUTE OF, § 69*—*when letter by one making oral guaranty satisfies.* Where a letter written by one making an oral guaranty for the payment for merchandise subsequent to the making of such oral guaranty can be construed as indicating a clear intent to put in writing such promise made before delivery of the goods, the Statute of Frauds is satisfied.

3. FRAUDS, STATUTE OF, § 69*—*when letter written by one making oral guaranty insufficient to satisfy.* A letter written by one making an oral guaranty for the payment of goods subsequent to the making of such oral guaranty, acknowledging receipt of the creditor's letter in regard to a bill due from the debtor and stating that the creditor should have had its money before, and that if the debtor did not pay the account before a certain time the guarantor would, constitutes nothing more than a promise to pay bills already due at a future time on failure of the debtor to pay the bill before such time, and there is an independent subsequent promise without consideration which cannot be converted into an intended original written promise of guaranty which would satisfy the Statute of Frauds.

Appeal from the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed. Opinion filed October 9, 1917.

EDWARD J. PHILLIPS, for appellant.

ERNEST W. CLARK, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Appellee, plaintiff below, furnished merchandise to the American Letter Company on verbal guaranty of payment by appellant Flint, the defendant. The main issue presented by the defense is that the promise was not in writing, as required to be by the Statute of Frauds and Perjuries.

Credit was given in plaintiff's books, and bills for the goods were regularly rendered, after delivery, to the Letter Company. Duplicate copies of the bills were also mailed to defendant. The controlling question is whether a letter from defendant to plaintiff written subsequent to the delivery of the goods and such rendition of the bills satisfies the requirement of the statute that the promise or a memorandum thereof must be in writing to charge defendant with the American Letter Company's default. The letter reads:

"Your letter dated the 27th, we received this morning. We note what you say in regard to the bill due you from the American Letter Company. We realize, that you want your money, and you should have had it before this time. But if the American Letter Company do not pay this bill before next week, we will.

"Trusting this will be satisfactory, we are,
Very truly yours,
E. P. FLINT & Co."

The case was tried without a jury and judgment for the amount of the bills, $136.89, was entered for plaintiff.

It is clear that, disregarding said letter, the oral promise of guaranty was, in view of the fact that the credit for each bill was extended as aforesaid to the American Letter Company, a collateral and not an original promise, and its character in that respect was not changed by the fact that a duplicate statement of the account sent to the Letter Company was mailed

to defendant with the written words ''Guaranteed by E. P. Flint'' placed thereon by plaintiff.

If the letter could be construed as indicating a clear intent to put in writing the oral promise or promises made before delivery of the goods, the statute would, in accordance with decisions cited by appellee, be satisfied. But there being no ambiguity in its language and no other legitimate testimony on the subject, we must look to the letter alone for the writer's intention. The letter appears to set forth nothing more than a promise to pay bills already due at a future time on failure of the Letter Company to pay the bill before that time. This is something entirely different from putting in writing a promise previously made. It is in essence and indicated purpose a new and distinct promise, to support which there was no pretense of a consideration. It is the same as if defendant had said: ''I am not liable for I did not put my promise in writing. But I now promise you that if you cannot collect from the Letter Company within a week then I will pay its debt.'' The mere fact that defendant admitted making an oral guaranty and subsequently, after repeated requests to pay the bills, wrote the letter in the above form, did not indicate that he intended that the letter should express or relate back to his oral promise.

The authorities cited by appellee are so clearly not based on an analogous state of facts, that we need not attempt to differentiate them. The promise here relied on is clearly an independent subsequent promise without consideration, and it cannot without violence to the context of the letter and defeating the object and purpose of the statute be converted into an intended original written promise of guaranty. Consequently, the judgment must be reversed.

*Reversed.*